# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FLOYD A. VINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:06-1158 |
| v. ) | Judge Campbell / Knowles |
| ) | |
| THE KROGER CO., DAVID DILLON, ) | |
| CYNDI NEUHOFF, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' Motion to Dismiss. Docket Entry No. 16. Defendants have contemporaneously filed a supporting Memorandum of Law. Docket Entry No. 17.

Plaintiff, acting pro se, has filed a Response to Defendants' Motion to Dismiss. Docket Entry No. 32.

Plaintiff filed this action pursuant to 42 U.S.C. § 2000e, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging racial discrimination in the termination of his employment with Defendant Kroger Limited Partnership ("Kroger"). *See* Docket Entry No. 1. Plaintiff sues Kroger and Kroger employees David Dillon, Cyndi Neuhoff, Alan Quinkert, Larry Warren, Brian Padgett, Wayne McCullough, and Jennifer Parker. *Id.* Plaintiff seeks compensatory and punitive damages, two years of lost income, overtime from January 1, 2005 through December 31, 2006, full pension benefits, pain and suffering, and "relief of conscience." *Id.*

1

Defendants filed the instant Motion to Dismiss and supporting Memorandum of Law on January 9, 2007. Docket Entry Nos. 16 and 17. Defendants argue that Plaintiff's claims against them should be dismissed because Plaintiff's Complaint was untimely and because there is no individual liability under Title VII. Docket Entry No. 17.

Plaintiff filed his Response on February 28, 2007. Docket Entry No. 32. With regard to the timeliness of his Complaint, Plaintiff argues that his Complaint was "somewhat late" because, as a result of his termination, he could not pay the filing fee. *Id.* With regard to the individual Defendants' employment status, Plaintiff argues, *inter alia*, that, "Not only are the said Defendants employers, but they are also Managers." *Id.*, p. 3. (Underlining original.) Plaintiff asserts that it is "common knowledge" that managers "can be sued." under Title VII. *Id.* (Underlining original.)

Defendants are correct that, in order to proceed on a Title VII claim, a plaintiff must file his or her lawsuit within 90 days of receiving a Notice of Right to Sue (42 U.S.C. § 2000e-5(f)(1)), and that failure to file within 90 days of receiving the Notice of Right to Sue will result in the dismissal of a plaintiff's claims (*Cook v. Providence Hosp.*, 820 F.2d 176, 178-179 (6th Cir. 1987)). Defendants are incorrect, however, in their assertion that Plaintiff's Complaint is untimely.

In the case at bar, the EEOC issued Plaintiff a Notice of Right to Sue on August 17, 2006. *See* Docket Entry No. 1. There is a presumption that a Notice of Right to Sue is received by the addressee within 5 days of its mailing by the EEOC. *Banks v. Rockwell Intl North American Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988). Accordingly, Plaintiff had 90 days from August 22, 2006 in which to timely file his Complaint. On November 15, 2006, Plaintiff simultaneously submitted his Complaint and an Application to Proceed In Forma Pauperis. *See* Docket Entry No. 1, Case No. 3:06-mc-0136. On November 30, 2006, Judge Campbell issued an Order denying Plaintiff's Application to Proceed In Forma Pauperis, and giving Plaintiff 10 days

2

to either pay the filing fee or resubmit a properly completed Application. Docket Entry No. 2, Case No. 3:06-mc-0136. Plaintiff paid the filing fee, and his Complaint was duly filed on December 4, 2006. Docket Entry No. 1.

The Sixth Circuit has recognized that, where an Application to Proceed In Forma Pauperis is ultimately denied, the statute of limitations is tolled while the Application is pending, but the statute resumes running when the Application is denied.[1] *Truitt v. County of Wayne*, 148 F.3d 644 (6th Cir. 1998). Applying this rule to the dates discussed above, Plaintiff had until November 20, 2006 (90 days from August 22, 2006), in which to timely file his Complaint. When he submitted his Complaint and his Application to Proceed In Forma Pauperis on November 15, 2006, the statute of limitations was tolled. When Judge Campbell denied Plaintiff's Application on November 30, 2006, the statute resumed running. Prior to November 15, 2006, 85 days of the 90-day limitations period had expired. Thus, on November 30, Plaintiff had only 5 days of the original 90-day limitations period remaining in which to timely file this action. He paid the filing fee and filed this action 4 days later, on December 4, 2006. That filing was timely because, excluding the 15 day limitations period that was tolled while the Application to Proceed In Forma Pauperis was pending, Plaintiff filed suit 89 days after he received his Notice of Right to Sue. Thus, Plaintiff's Complaint was timely filed.

---

[1] In *Truitt*, the Court actually approved the tolling of the statute of limitations from the time the application was filed until plaintiff received notice of the denial. The *Truitt* Court, however, relied upon a decision from the Seventh Circuit, which had held that the statute resumed running when the application was denied, not when Plaintiff received notice of the denial. 148 F.3d at 647-648, *citing Williams-Guice v. Board of Education*, 45 F.3d 161 (7th Cir. 1995). Additionally, neither party in *Truitt* argued that the appropriate date was the denial date.
There is no indication in the record as to when Plaintiff received notice that the application had been denied. Because this distinction is immaterial in the case at bar, and because the record does not show the date upon which Plaintiff received notice of the denial, the Court will focus upon the date the application was denied.

3

Case 3:06-cv-01158   Document 33   Filed 05/17/07   Page 3 of 4 PageID #: 231

With regard to the second issue presented in the instant Motion, Defendants are correct in their assertions that Title VII imposes liability on "employers," that Plaintiff is unable to sustain his claim against the individual Defendants because they are not employers as defined by Title VII, and that Title VII does not provide for individual liability against those who are not employers within its meaning. *See* 42 U.S.C. § 2000e-2. *See also Wathen v. General Elec. Co.*, 115 F.3d 400, 404-405 (6th Cir. 1997). The individuals whom Plaintiff names as Defendants in this action are management-level employees of Kroger. As has been noted, Title VII prohibits discrimination by an employer. The Sixth Circuit has held that an individual employee or supervisor, who does not otherwise qualify as an "employer," may not be held personally liable under Title VII. *Wathen v. General Elec. Co.*, 115 F.3d 400, 404-405 (6th Cir. 1997).

Because the individual Defendants were not Plaintiff's employer, Title VII does not provide for the imposition of individual liability on them, and Plaintiff's Complaint fails to state a claim upon which relief may be granted with respect to them. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED with respect to the individual Defendants.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986).

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ E. CLIFTON KNOWLES
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ United States Magistrate Judge